Up State Tower Co., LLC v. Town of Kiantone, et. al

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> <u>Circuit Judges</u>.

_____

Up State Tower Co., LLC,

> <u>Plaintiff-Appellant</u>,

> v.                                                                                    17-1037

The Town of Kiantone, New York, The
Town Board of the Town of Kiantone,

**New York, The Building Department of
the Town of Kiantone, New York,**

**Defendants –Appellees**
_____

**FOR PLAINTIFF -APPELLANT:**          Thomas Scott Thompson, Davis
                                       Wright Tremaine LLP, Washington,
                                       D.C. (Reuben Ortenberg, on the brief,
                                       Woods Oviatt Gilman, LLP,
                                       Rochester, NY).


**FOR DEFENDANTS - APPELLEES:**        Paul V. Webb, Erickson Webb Scolton
                                       & Hajdu, Lakewood, NY.


   Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, J.).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

   Plaintiff-appellant Up State Tower Co. ("Up State") appeals the December 9, 2016 Decision and Order of the United States District Court for the Northern District of New York finding that the Town of Kiantone ("Town") violated 47 U.S.C. § 332(c)(7)(B)(ii), but denying Up State affirmative injunctive relief. Up State appeals the denial of injunctive relief, and argues that the district court abused its discretion because the wording and purpose of 47 U.S.C. § 332(c)(7)(B), Circuit precedent, and public policy dictate that the only proper remedy for a local government's failure to act "within a reasonable period of time" on a wireless siting application is to order the local government to approve the application. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1.** The Telecommunications Act of 1996 ("TCA") is intended to speed the spread of wireless telecommunications technology throughout the country. See City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 115 (2005). To that end, subsection 332(c)(7)(B) limits the traditional regulatory authority of state and local governments over wireless facilities. Id. One such limitation is the requirement to act on a wireless siting application "within a reasonable period of time." 47 U.S.C. § 332(c)(7)(B)(ii). The Town failed to do so, and, by way of remedy, the district court gave the Town additional time to decide Up State's application, which has now been denied.

We review the grant or denial of a permanent injunction for an abuse of discretion. Paramedics Electromedicina Commercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 651 (2d Cir. 2004). "A district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations and quotation marks omitted).

The TCA "is an omnibus overhaul of the federal regulation of communications companies" that was intended "to provide for a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services . . . by opening all telecommunications markets to competition." Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 492–93 (2d Cir. 1999) (internal citation and quotation marks omitted). A local government must act on a siting application "within a reasonable time . . . taking into account the nature and scope of such request." 47 U.S.C. § 332(c)(7)(B)(ii). The FCC--the federal agency charged with enforcing the TCA--established that such a reasonable time is "presumptively, 90 days to process personal wireless service facility siting applications requesting collocations, and, also presumptively, 150 days to process all other applications." See In the Matter of Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(b), 24 F.C.C. Rcd. 13994, 14005 (2009) ("Shot Clock Order"). If a local government violates the Shot Clock Order by taking more than 90 or 150 days to evaluate a

siting application, as the Town did here, the aggrieved company must file a suit challenging the failure to act within 30 days. 47 U.S.C. § 332(c)(7)(B)(v). The Act then requires that courts "hear and decide" such appeals "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v).

"The TCA does not specify a remedy for violations of the cellular siting subsection." Town of Oyster Bay, 166 F.3d at 497. Interpreting § 332(c)(7)(B)(v) in its Shot Clock Order, the FCC rejected " a presumption that the court should issue an injunction granting the application" for a violation of any provision of Section 332(c)(7)(B); instead, district courts have discretion to fashion appropriate remedies. 24 F.C.C. Rcd. at 14009. This is because the text of the statute "indicates Congressional intent that courts should have the responsibility to fashion appropriate case-specific remedies." Id. While the FCC does "agree that injunctions granting applications may be appropriate in many cases, the proposals in personal wireless service facility siting applications and the surrounding circumstances can vary greatly. It is therefore important for courts to consider the specific facts of individual applications and adopt remedies based on those facts." Id. Five years after issuing the Shot Clock Order, the FCC reiterated that it "decline[d] to adopt an additional remedy for State or local government failures to act within the presumptively reasonable time limits," and that courts are empowered "to decide [the remedy] in light of 'the specific facts of individual applications." In the Matter of Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Policies, 29 F.C.C. Rcd. 12865, 12978 (2014) ("Infrastructure Order") (internal citation and quotation marks omitted). We owe Chevron deference to the FCC in its reasonable interpretations of the TCA.[1]

Based on the plain text of the statute and its consistent interpretation by the FCC, the district court did not abuse its discretion in denying Up State affirmative injunctive relief. Affording the Town twenty more days to act on Up State's

---

[1] We agree with the 5th Circuit that because the two FCC Orders cited herein are reasonable constructions of § 332(c)(7)(B), they "are thus entitled to Chevron deference." City of Arlington, Tex. v. F.C.C., 668 F.3d 229, 256 (5th Cir. 2012), aff'd, 569 U.S. 290 (2013).

application provided a short, finite interval to issue a decision, in accordance with the purpose of the TCA.   Further, Up State may still bring suit alleging that the reasons for the Town's subsequent denial are not supported by substantial evidence, and the presumptive remedy for that violation is an affirmative injunction.   Town of Oyster Bay, 166 F.3d at 497.


**2.**      Up State next argues that the district court abused its discretion because other courts have "overwhelmingly recognized that the appropriate remedy" for a violation of § 332(c)(7)(B) is to order that the local government grant the requested application.   Pl. Br. at 18-19.   Up State cites a number of cases in this Circuit in which courts granted injunctive relief for a § 332(c)(7)(B) violation; but the local governments in those actions violated other subsections of § 332(c)(7)(B) in addition to the Shot Clock.   See, e.g., Town of Oyster Bay, 166 F.3d at 497 (violation of § 332(c)(7)(B)(iii)); Bell Atl. Mobile of Rochester L.P. v. Town of Irondequoit, N.Y., 848 F. Supp. 2d 391, 403 (W.D.N.Y. 2012) (violation of § 332(c)(7)(B)(ii) and § 332(c)(7)(B)(i)(II)); Upstate Cellular Network v. City of Auburn, No. 5:16-CV-1032, 2017 WL 2805820, at *8 (N.D.N.Y. June 28, 2017) (violation of § 332(c)(7)(B)(ii) and § 332(c)(7)(B)(i)(II)); New York SMSA Ltd. P'ship v. Inc. Vill. of Mineola, No. 01-CV-8211, 2003 WL 25787525, at *11 (E.D.N.Y. Mar. 26, 2003) (violation of § 332(c)(7)(B)(iii)).   One district court case involving only a violation of § 332(c)(7)(B)(ii) is Masterpage Commc'ns, Inc. v. Town of Olive, et. al, 418 F. Supp. 2d 66 (N.D.N.Y. 2005), but there the local government unreasonably adopted a moratorium on cellular towers, and extended the moratorium over a two-year period.   Id. at 78.   The district court here has made no finding of similar abusive behavior designed to frustrate the purpose of the TCA.   The district court did not abuse its discretion in denying Up State affirmative injunctive relief.


**3.**      Up State's final argument is that in light of national policies and programs promoting rapid deployment of broadband and other advanced communications services, the district court's failure to issue an affirmative injunction undermined federal policies.   This argument is also unavailing in light

5

of the text of the TCA and its interpretation by the FCC that injunctive relief is not presumed or required for a Shot Clock violation.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk